UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES GALLINGER,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | CASE NO. C04-1506JLR<br><br>ORDER |

This matter comes before the court on Plaintiff Charles Gallinger's motion for default judgment against all Defendants (Dkt. # 17) and the Government's motion to dismiss this action for improper service (Dkt. # 18). For the reasons stated below, the court DENIES Plaintiff's motion and GRANTS the Government's motion.

This is Mr. Gallinger's third motion for default judgment in this action. The court denied Mr. Gallinger's previous two motions, noting that Mr. Gallinger had failed to properly serve any of the Defendants. After its previous order denying default judgment, the court issued an order to show cause why it should not dismiss this action for failure to timely serve the Defendants. Mr. Gallinger, who was incarcerated at the time at a correctional institution in California, responded that he had difficulty obtaining a summons from the clerk. The court noted that the clerk had mailed a summons to Mr. Gallinger on March 8, 2005, and allowed Mr. Gallinger time to effect proper service.

Although he has had a court-issued summons for more than five months, Mr. Gallinger has yet to properly serve any Defendant. Although Fed. R. Civ. P. 4 ("Rule 4")

ORDER – 1

imposes stringent requirements for serving the United States, its agencies, and their officers, Mr. Gallinger has yet to comply with a more basic preliminary requirement. Rule 4(c)(1) dictates that a plaintiff must serve a summons "together with a copy of the complaint." The court must strictly enforce the service requirements of Rule 4. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 109-10 (1987); West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528-29 (9th Cir. 1990). The court has scoured the record in this case and finds no evidence that Mr. Gallinger served any Defendant simultaneously with a summons and complaint. Indeed, the only evidence that Mr. Gallinger dispatched an issued summons to anyone is a certificate of service indicating that he mailed the summons to the United States Attorney General in Washington, D.C., and to the United States attorney in Seattle assigned to this case. (Dkt. # 15). The certificate of service does not show that Mr. Gallinger sent a copy of the complaint with the summons he mailed.

Even if the court were to ignore Mr. Gallinger's failure to comply with Rule 4(c)(1), it cannot ignore his failure to comply with Rule 4(i). To serve the United States, its agencies, or its officials, Mr. Gallinger must first "deliver[] a copy of the summons and complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney . . . ." Fed. R. Civ. P. 4(i)(1)(A). The only representative of the United States attorney for the Western District of Washington that has received any form of purported service is Robert M. Taylor, the assistant United States attorney assigned to this action. There is no indication that Mr. Taylor has been "designated by the United States attorney" to receive service of process. Under these circumstances, Mr. Gallinger has not complied with Rule 4(i).

Mr. Gallinger's long delay in effecting service dictates that the court must dismiss this action. In its order on Mr. Gallinger's first motion for default, the court specifically instructed him to comply with Rule 4 generally and with Rule 4(i). That order issued nearly a year ago. The court repeated its instructions in its order denying Mr. Gallinger's

ORDER – 2

1  second motion for default judgment. At this point, more than a year has passed since Mr.
2  Gallinger filed his complaint. Under Rule 4(m), the court "shall dismiss" an action if the
3  plaintiff does not effect service within 120 days of filing the complaint unless the plaintiff
4  "shows good cause for the failure . . . ." The court is mindful of Plaintiff's incarceration
5  and the difficulties it imposes, and has granted lengthy extensions of time for service.
6  Under these circumstances, the court finds no good cause for the long delay in service,
7  and therefore dismisses this action.
8      For the foregoing reasons, the court DENIES Plaintiff's motion for default (Dkt.
9  # 17) and GRANTS the Government's motion to dismiss (Dkt. # 18). The clerk shall
10 enter judgment for the Defendants.
11     Dated this 11th day of August, 2005.

                                     JAMES L. ROBART
                                     United States District Judge